## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS K. MALLON, | * |
| Serve: Glenn H. Meyer | |
| 211 Gwynnbrook Avenue | * |
| Owings Mills, Maryland 21117 | |
| and | * |
| | |
| CATHERINE L. CONN, | * |
| Serve: Glenn H. Meyer | |
| 211 Gwynnbrook Avenue | * |
| Owings Mills, Maryland 21117 | |
| | * |
| Plaintiffs, | |
| | * |
| v. | Civil Action No. _____ |
| | * |
| STUART L. SAGAL, | |
| Sagal, Cassin, Filbert & | * |
| Quasney, P.A. | |
| 105 W. Chesapeake Avenue | * |
| Suite 400 | |
| Towson, Maryland 21204 | * |
| | |
| and | * |
| | |
| SAGAL, CASSIN, FILBERT & | * |
| QUASNEY, P.A., | |
| Serve: Daniel W. Quasney | * |
| Resident Agent | |
| 105 W. Chesapeake Avenue | * |
| Suite 400 | |
| Towson, Maryland 21204 | * |
| | |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**UNLAWFUL DEBT COLLECTION PRACTICES COMPLAINT**

## I. INTRODUCTION

This is an action for actual and statutory "additional" damages brought by Plaintiffs, Thomas K.Mallon and Catherine L. Conn (collectively the "Plaintiffs"), individual consumers, against Defendants, Stuart L. Sagal and Sagal, Cassin, Filbert & Quasney, P.A. (collectively the "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Thomas K. Mallon, is a natural person residing in Baltimore County, Maryland.

4. Plaintiff, Catherine L. Conn, is a natural person residing in Baltimore County,

Maryland.

5.      Defendant, Stuart L. Sagal ("Mr. Sagal"), is a natural person and partner of the Defendant Firm, specified immediately below, and acted as a debt collector at all times relevant to this complaint.

6.      Defendant, Sagal, Cassin, Filbert & Quasney, P.A., ("Defendant Firm") is a corporation chartered and authorized to do business in the state of Maryland and engaged in the business of collecting debts in this state with its principal place of business located at 105 West Chesapeake Avenue, Suite 400, Towson, Maryland 21204.

7.      Defendant Firm acted as a debt collector at all times relevant to this complaint.

8.      Defendants are engaged in the collection of debts from consumers using the mail and telephone.

9.      Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

10.     By correspondence on the letterhead of the Defendant Firm, Mr. Sagal mailed a collection letter, dated June 30, 2004, over the typewritten name of Stuart L. Sagal to Thomas K.

Mallon and Catherine L. Conn, the Plaintiffs, requesting payment of a debt in the amount of $934.50 allegedly due Century Apartments ("Exhibit 1"). A copy of the first collection letter is attached hereto as Exhibit 1, and incorporated by reference.

11.     Exhibit 1 was received by the Plaintiffs at their residence in Cockeysville, Maryland (the "Plaintiffs' Residence").

12.     The alleged debt of the Plaintiffs claimed in Exhibit 1 was incurred for personal, family, or household services, i.e. apartment rental fees for the personal family of the Plaintiffs.

13.     Exhibit 1 failed to identify the Defendants as debt collectors or to state that any information obtained would be used for the purpose of collecting the debt owed and therefore failed to provide the required notice pursuant to 15 U.S.C. § 1692e(11) of the FDCPA, which states:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

14. By correspondence on the letterhead of the Defendant Firm, Mr. Sagal mailed a second letter over the typewritten name of Stuart L. Sagal to Thomas K. Mallon and Catherine L. Conn, the Plaintiffs, that stated a "final accounting" with a balance of $1,587.07 ("Exhibit 2").

15. Exhibit 2 failed, again, to identify Exhibit 2 as coming from a debt collector and failed to state that any information obtained would be used for the purpose of collecting a debt. In addition, Exhibit 2 failed to mention that the "final accounting" involved a debt or to who it was actually owed to.   A copy of the second letter is attached hereto as Exhibit 2 and incorporated by reference.

16. Exhibit 2 was received by the Plaintiffs at the Plaintiffs' Residence.

17. The Plaintiffs never received any other letter within 5 days of the initial correspondence of Exhibit 1, other than Exhibit 2, that could have been in compliance with 15 U.S.C. § 1692(g)(a) of the FDCPA.

18. Exhibit 2 fails to be in compliance with 15 U.S.C. § 1692(g)(a) of the FDCPA by failing to satisfy(1) through (5) of subsection (a), in that it does not state: (1) that the "final accounting" is for a debt owed; (2) the name of the creditor as a the creditor to whom the debt is owed; (3) that "unless the consumer, within thirty days after receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;" (4) that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;" and (5) that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

19.	As a result of the acts alleged above, Plaintiff, suffered lost professional time to address the debt being collected by the Defendants and suffered credit damages resulting from the same.

## V.  CLAIM FOR RELIEF

20.	Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

21.	By the actions stated above, the Defendants violated 15 U.S.C. §§ 16923 (11) and 1692g (a) of the FDCPA.

22. As a result of the foregoing violations of the FDCPA, defendants are liable to the Plaintiffs for a declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory "additional" damages, and costs and attorney's fees.

WHEREFORE, the Plaintiffs, Thomas K. Mallon respectfully request that judgment be entered against Defendants, Stuart L. Sagal and Sagal, Cassin, Filbert & Quasney, P.A., for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k (1);

C. Statutory "additional" damages pursuant to 15 U.S.C. § 1692k (2)(A);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k (3); and

E. For such other and further relief as the Court may deem just and proper.

                                                Respectfully submitted,

June 28, 2005                            /s/ Glenn H. Meyer
                                                Glenn H. Meyer, 025628
                                                Meyer Law Firm, LLC
                                                211 Gwynnbrook Avenue
                                                Owings Mills, Maryland 21117
                                                410-654-8607

                                                Counsel for the Plaintiffs,
                                                Thomas K. Mallon and
                                                Catherine L. Conn

## VERIFICATION

I, Thomas K. Mallon, hereby certify that the facts contained in the foregoing Unlawful Debt Collection Practices Complaint are true and correct to the best of my knowledge, information and belief.

June 28, 2005                                            /s/ Thomas K. Mallon
                                                                     Thomas K. Mallon


I, Catherine L. Conn, hereby certify that the facts contained in the foregoing Unlawful Debt Collection Practices Complaint are true and correct to the best of my knowledge, information and belief.

June 28, 2005                                            /s/ Catherine L. Conn
                                                                     Catherine L. Conn